# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANELLE WASHINGTON-WALKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-15-1158–M |
| UNIVERSITY OF OKLAHOMA BOARD OF REGENTS, d/b/a, UNIVERSITY OF OKLAHOMA HEALTH SCIENCES CENTER AT OKLAHOMA CITY, DORINDA G. EATON, In her individual capacity, JOSEPH A. YOUNG, In his individual capacity, | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion to Dismiss, filed October 21, 2015. On February 12, 2016, plaintiff filed her response, and on March 4, 2016, defendants filed their reply.

I.  Background

Plaintiff was employed by University of Oklahoma Health Science Center in the patient account department. On October 21, 2013, she was terminated. On August 11, 2015, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma, alleging (1) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), against defendant University of Oklahoma Board of Regents ("University"); (2) discrimination and denial of reasonable accommodation and interactive process due to a real or perceived disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), and/or the Rehabilitation Act of 1973 ("Rehabilitation Act"), against the University; (3) discrimination in violation of the Oklahoma Anti-Discrimination Act ("OADA") against the University; and (4)

violation of and interference with her rights under the Family Medical Leave Act ("FMLA") against defendants Dorinda G. Eaton ("Eaton") and Joseph A. Young ("Young"). Defendants removed this action to this Court on October 14, 2015. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's complaint in its entirety.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint

presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

   A. Title VII race discrimination claim

In her response, plaintiff voluntarily dismisses her claim of discrimination under Title VII. Accordingly, defendants' motion to dismiss as to plaintiff's Title VII race discrimination claim is now moot.

   B. Rehabilitation Act claim

To state a cause of action under the Rehabilitation Act, a plaintiff must show: (1) that she is disabled under the Rehabilitation Act; (2) that she is "otherwise qualified" for her position; (3) that she was discriminated against by the defendant; and (4) that the position exists as part of a program or activity receiving assistance. *See McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004). Defendants assert that plaintiff has not pled sufficient facts to support the conclusion that she was otherwise qualified for the position or that she was terminated solely because of her disability.

Having carefully reviewed plaintiff's complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has set forth sufficient factual allegations to state a Rehabilitation Act claim against the University. Specifically, the Court finds plaintiff has alleged sufficient facts showing that she is otherwise qualified for her position. For example, plaintiff alleges that she received good performance evaluations and improved and complimentary emails regarding her performance. *See* Petition at ¶ 49. Additionally, the Court finds that plaintiff has alleged sufficient facts to support

3

the conclusion that she was terminated solely because of her disability. Accordingly, the Court finds that plaintiff's Rehabilitation Act claim should not be dismissed.

### C. OADA claim

To establish a prima facie claim of disability discrimination, a plaintiff must show: (1) she is a disabled person within the meaning of the law; (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) she was terminated because of her disability. *See Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011). Defendants assert that plaintiff failed to sufficiently plead the second element. Having carefully reviewed plaintiff's complaint, the Court finds that plaintiff has set forth sufficient factual allegations to state an OADA claim against the University. Specifically, as set forth above, the Court finds plaintiff has alleged sufficient facts showing that she was qualified to perform the essential functions of her job. Accordingly, the Court finds that plaintiff's OADA claim should not be dismissed.

### D. FMLA claim

Defendants assert that plaintiff's FMLA claim against Eaton and Young fails because Eaton and Young are not "employers" as defined under the FMLA. Specifically, defendants contend that Eaton and Young do not have the requisite responsibility or stature within the hierarchy of the University to warrant the imposition of personal liability under the FMLA.

The FMLA defines employer as follows:

> (A) In general
> The term "employer" –
> > (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more

> calendar workweeks in the current or preceding calendar year;
> (ii) includes –
> > (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
> > (II) any successor in interest of an employer;
> (iii) includes any "public agency", as defined in section 203(x) of this title; and
> (iv) includes the Government Accountability Office and the Library of Congress.
>
> (B) Public agency
> For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4).

The Tenth Circuit has not squarely ruled on whether a public employee can be held individually liable under the FMLA. Other circuit courts of appeal are split on this question. *Compare Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), and *Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999) (finding individual public employees are not "employers" under the FMLA), *with Haybarger v. Lawrence Cty. Adult Prob. and Parole*, 667 F.3d 408 (3d Cir. 2012), *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006), and *Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002) (finding individual public employees can satisfy the definition of "employer" in the FMLA). Lacking express Tenth Circuit guidance, district courts in Oklahoma have followed the Third, Fifth, and Eighth Circuits and held that individual public employees can satisfy the definition of "employer" in the FMLA. *See Owens v. City of Barnsdall*, No. 13-CV-749-TCK-PJC, 2014 WL 2197798, at *6 (N.D. Okla. May 27, 2014); *Roberts v. LeFlore Cny. Hosp. Auth.*, No. CIV-13-189-KEW, 2014 WL 1270422, at *3-4 (E.D. Okla. March 26, 2014); *Jeffers v. Redlands Comm. Coll. Bd. of Regents*, No. CIV-11-1237-HE, 2012 WL 137412, at *2 (W.D. Okla. Jan. 18, 2012). This Court agrees with the reasoning of

these Oklahoma district courts, as well as the reasoning set forth by the Third, Fifth, and Eighth Circuits, and finds that a public employee sued in his or her individual capacity may be found to be an "employer" under the FMLA if that individual "acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

Having carefully reviewed plaintiff's complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has set forth sufficient factual allegations to state a FMLA claim against Eaton and Young in their individual capacities. While the complaint is not as detailed as would be ideal in making the determination, the Court concludes it is sufficient to state a plausible claim. Specifically, the Court finds that plaintiff has set forth sufficient facts showing that Eaton and Young had the requisite responsibility to be deemed an "employer" under the FMLA. Plaintiff alleges that Eaton was her direct manager and Young was her supervisor and that they had authority over persons like plaintiff. Further, the Court finds that the allegations in plaintiff's complaint shows that Eaton and Young had the power to fire employees and to control the conditions of employment. Accordingly, the Court finds that plaintiff's FMLA claim should not be dismissed.

E.   ADA claim

Defendants assert that the University is immune from plaintiff's ADA claim. Plaintiff contends that the University waived its immunity when it removed this action to this Court.

The Tenth Circuit addressed this exact issue in *Estes v. Wyoming Department of Transportation*, 302 F.3d 1200 (10th Cir. 2002). In *Estes*, the plaintiff brought an ADA claim, as well as state law claims, against the Wyoming Department of Transportation in state court. The defendant removed the case to federal court, stating that it was not waiving any constitutional

6

challenges to the district court's jurisdiction. The district court concluded that Congress validly abrogated the States' sovereign immunity for violations of Title I of the ADA, and the defendant appealed to the Tenth Circuit. The Tenth Circuit held that Congress did not validly abrogate the States' sovereign immunity from suit under Title I of the ADA but further held that the defendant had waived its sovereign immunity for the ADA claim when it removed the case to federal court. *See id.* at 1203-06. As the instant case is indistinguishable from the *Estes* case, the Court finds that the University waived its sovereign immunity for the ADA claim when it removed this case to this Court. Accordingly, the Court finds that plaintiff's ADA claim should not be dismissed.

F. Punitive damages

In her response, plaintiff concedes to dismiss her claims for punitive damages. Accordingly, the Court finds that defendants' motion to dismiss as to punitive damages is now moot.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendants' Motion to Dismiss [docket no. 7] as to plaintiff's Rehabilitation Act claim, OADA claim, FMLA claim, and ADA claim and FINDS defendants' Motion to Dismiss MOOT as to plaintiff's Title VII race discrimination claim and punitive damages claim.

**IT IS SO ORDERED this 13th day of April, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

7